# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Case No. 13-mj-2229 |
| TYJUAN McCORMICK, | * |
| Defendant | * |

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on Defendant's Motion to Dismiss or Limit Theory of Prosecution Based on Collateral Estoppel. Def.'s Mot. Dismiss, ECF No. 26. Defendant contends that the Government is collaterally estopped from prosecuting him for the same offense or, alternatively, from modifying its theory of prosecution. *Id.* ¶¶ 9-10. For the reasons that follow, Defendant's Motion is **DENIED**.

## BACKGROUND

Defendant is charged in a criminal complaint with two counts of misdemeanor assault under 18 U.S.C. § 113(a)(4) and (a)(5). The alleged assault occurred while Defendant was under parole supervision by the District of Columbia. Def.'s Mot. Dismiss ¶ 2. On November 14, 2013, a parole violation hearing was held in *United States v. McCormick*, No. 10335-007, a case originating in the Superior Court of the District of Columbia. *Id.* ¶ 3. A hearing examiner for the United States Parole Commission presided over the hearing and examined witnesses. *Id.* The issue at the hearing was whether Defendant violated his federal supervision by committing new crimes, i.e., assault by striking, beating, or wounding, and simple assault. *Id.* ¶ 4. The

Government was represented by a United States Parole Officer and a hearing examiner, and Defendant was represented by Public Defender Services for the District of Columbia and a law student. *Id.* ¶ 5. The hearing examiner ultimately found that the assault was not proved by a preponderance of the evidence, and he recommended to the Parole Commissioner that Defendant be released from custody. *Id.* ¶ 8. The examiner's recommendation was adopted, and Defendant was released. *Id.*

## **DISCUSSION**

> For criminal purposes, the doctrine of collateral estoppel derives from the Fifth Amendment's guarantee against double jeopardy. *Ashe v. Swenson*, 397 U.S. 436, 445, 90 S. Ct. 1189, 25 L.Ed.2d 469 (1970). As the Court explained in *Ashe*, "[w]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id.* at 443, 90 S. Ct. 1189. Similarly, as we have held previously, "[d]ouble jeopardy is a constitutional bar not only to retrial for the same offense, but also to relitigation of adjudicated issues whether they emerge in trials for the same or distinct offenses." Although the doctrine of collateral estoppel was first developed in the realm of civil litigation, it now constitutes a fixed principle of federal criminal law. Collateral estoppel is not to be applied mechanically, however, but only with "realism and rationality."

*United States v. Ruhbayan*, 325 F.3d 197, 201 (4th Cir. 2003) (alteration in original) (some citations omitted). The five elements relevant to a collateral estoppel claim are the following:

(1) Whether the issue in question is identical to the issue adjudicated in a prior proceeding;

(2) Whether the issue was actually determined in the prior adjudication;

(3) Whether the issue was necessarily decided in that proceeding;

(4) Whether the resulting judgment settling the issue was final and valid; and

(5) Whether the parties had a full and fair opportunity to litigate the issue in the prior proceeding.

*Id.* at 202 (citing *United States v. Fiel*, 35 F.3d 997, 1006 (4th Cir. 1994)).

The test is not satisfied in this case, absent a "final and valid judgment settling the issue." "[R]evocation of parole and a criminal prosecution can lawfully be based on the same transaction without violating the double jeopardy clause." *United States v. Hanahan*, 798 F.2d 187, 189 (7th Cir. 1986). "[A] sentence imposed upon the revocation of probation or parole is not punishment for the conduct prompting the revocation, but, rather, a modification of the original sentence for which the probation or parole was authorized . . . ." *United States v. Woodrup*, 86 F.3d 359, 362 (4th Cir. 1996). In other words, "[a] parole revocation proceeding is an administrative proceeding designed to determine whether a parolee has violated the conditions of his parole, not a proceeding designed to punish a criminal defendant for violation of a criminal law." *Hanahan*, 798 F.2d at 189. On the other hand, "[a] criminal prosecution is a judicial proceeding that vindicates the community's interests in punishing criminal conduct." *Id.* at 189-90. Accordingly, "the subsequent criminal prosecution and punishment for conduct which previously served as the basis for a revocation of probation or parole does not offend the Double Jeopardy Clause of the Fifth Amendment." *Woodrup*, 86 F.3d at 362; *see Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S. Ct. 2593, 2600 (1972) ("[R]evocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations."). Moreover, "the attachment of double jeopardy rights depends on whether the individual is 'put in jeopardy' at a particular proceeding, not on whether the government has or has not met a particular standard of proof." *United States v. Miller*, 797 F.2d 336, 342 (6th Cir. 1986). Thus, the fact that the alleged assault was not proved by a preponderance of the evidence at his parole revocation hearing is of no avail to Defendant. In sum, the inapplicability of the Fifth Amendment's Double Jeopardy Clause in this case forecloses the applicability of the doctrine of collateral estoppel. *See Thompson v. Reivitz*, 746

F.2d 397, 400 (7th Cir. 1984) (rejection of double jeopardy argument disposes of collateral estoppel argument).

In light of the foregoing, the Court concludes that a decision in a parole revocation hearing is not a "final and valid judgment" regarding Defendant's involvement in an alleged assault and that the United States Parole Commission's refusal to revoke Defendant's parole does not collaterally estop the Government's prosecution of Defendant for the same crime. *See Miller*, 797 F.2d at 341. Accordingly, Defendant's Motion to Dismiss is **DENIED**.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss or Limit Theory of Prosecution Based on Collateral Estoppel (ECF No. 26) is **DENIED**. The Government's Motion to Strike Defendant's Motion (ECF No. 27) is **DENIED AS MOOT**.

Date: March 12, 2014                                /s/
                                                    Thomas M. DiGirolamo
                                                    United States Magistrate Judge

4